**Tammy THIBODEAUX, Thomas K. Thibodeaux and Tonya Thibodeaux, Plaintiffs-Appellants,**

v.

**Elton A. ARCENEAUX, et al., Defendants,**

**Gayle Newton, Defendant-Appellee.**

**No. 84–4810**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Aug. 19, 1985.

---

Koury & Koury, Sandrea L. Everett, Lafayette, La., for plaintiffs-appellants.

Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Richard J. Petre, Jr., Lafayette, La., for Everette, Gibson, Istre, The City of Crowley.

Before CLARK, Chief Judge, WILLIAMS and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Tammy, Thomas and Tonya Thibodeaux appeal from a grant of judgment n.o.v. following a jury trial of their suit against certain Louisiana officials arising out of Tammy's arrest. Persuaded that there was no evidence that a clerk of court, the sole defendant found liable by the jury, was a direct participant in any causative fault, we affirm.

I

In 1982 a fugitive warrant was issued for the arrest of Tammy Thibodeaux for her failure to make a court appearance or restitution on a charge of issuing a worthless check. The fugitive warrant was filed in the clerk's office for the Crowley, Louisiana City Court. Pursuant to its procedures the clerk's office furnished a copy of the fugitive warrant to the police department for the community of Rayne, Louisiana, where it was thought that Tammy lived. The deputy clerk of the court in Crowley noted on the original warrant the furnishing of the copy. Tammy Thibodeaux, learning of the outstanding warrant, paid the amount of the worthless check and court costs resulting in a dismissal of the charge. In the meantime, the Rayne Police Department had returned the fugitive warrant to the clerk's office, advising it that Tammy Thibodeaux was now living in Crowley. The deputy clerk then forwarded a copy of the returned warrant to the Crowley Police Department but, contrary to office procedure, failed to note on the original warrant that she had done so. Under the policy of the clerk's office, telephonic notice of dismissal went only to the police department noted on the original warrant as the recipient of the copy, and the Crowley Police Department was thus not notified when the charges were dismissed.

After the charges had been dropped, a Rayne police officer, Mike Constantine, saw Tammy in Rayne and asked her whether she had taken care of the Crowley warrant. She said that she had, but could not produce a receipt to prove it. Constantine called the Crowley Police Department, which, because of the clerk's office's failure to notify them of the dismissal, told Constantine that the warrant was still valid. Constantine then arrested Tammy. She was held at the Rayne and Crowley

jails for several hours until the matter was cleared. She then sued questioning the validity of the arrest, asserting claims under 42 U.S.C. § 1983 and Louisiana law. The state-law claims are no longer in the case and we face only the question of sufficiency of the evidence to support the jury's verdict returned against Gayle Newton, Clerk of the Court in the City of Crowley.

## II

The parties engage the issue, found dispositive in the district court, of whether the warrant held by the City of Crowley and not recalled was, after the charges were dismissed, sufficiently valid to support the arrest. *See Murray v. City of Chicago,* 634 F.2d 365 (7th Cir.1980), *cert. dism'd,* 456 U.S. 604, 102 S.Ct. 2226, 72 L.Ed.2d 366 (1982). We need not address this issue because under the undisputed evidence, Gayle Newton, the Clerk of the Court, had no personal participation in, or any causal connection to, the error of the deputy clerk and the ultimate arrest of Thibodeaux. That error of the deputy clerk was in failing to make the proper notation on the original of the warrant when a copy was forwarded to the Crowley Police Department, contrary to the office procedures established by Newton.

■ A supervisory officer cannot be held liable under § 1983 for the actions of subordinates on any theory of vicarious liability. *Monell v. Department of Social Services,* 436 U.S. 658, 691–95, 98 S.Ct. 2018, 2036–38, 56 L.Ed.2d 611 (1978); *Bennett v. City of Slidell,* 728 F.2d 762, 767 (5th Cir. 1984) (en banc), *cert. denied,* — U.S. —, 105 S.Ct. 3476, 85 L.Ed.2d 85 (1985). The Thibodeauxs acknowledge their burden of showing that Newton was directly rather than vicariously liable. They urge that Newton's established procedures for the recall of warrants on the dismissal of charges were inadequate in that the clerk's office should not have depended solely upon telephone calls to recall dead warrants, and the City of Crowley Police ought to have been notified of every recalled Crowley warrant.

■ The difficulty is that there is no evidence of any causal connection between this arrest and any negligence in adopting an office policy that did not require written notice or that gave notice only to police departments that had been furnished a warrant copy. The adopted procedures of the clerk's office here required notice to the Crowley Police Department. That another policy would have required notice here and in other situations as well is of no moment; nor is there evidence that the type of notice—oral or written—played any role here. It was a failure to give a required notice, through a deputy's error, that caused this arrest; that is, any negligence with a causal nexus to the arrest here was in the execution, not the adoption, of office policy. On these facts, there was no "affirmative link between the ... inadequacies alleged, and the particular constitutional violation at issue." *City of Oklahoma City v. Tuttle,* — U.S. —, 105 S.Ct. 2427, 2437 n. 8, 85 L.Ed.2d 791 (1985) (plurality opinion); *see also Barksdale v. King,* 699 F.2d 744, 746 (5th Cir.1983) (requiring "causal connection" between defendant's act and alleged violation).

The grant of judgment n.o.v. is AFFIRMED.