United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 7, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

)))))))))))))))))))))))))))

No. 06-60960
Summary Calendar
)))))))))))))))))))))))))))

KENNETH DUKE

        Plaintiff-Appellee

   v.

SHARON DUCKWORTH, Individually and as a Deputy Sheriff of
Sharkey County

        Defendant-Appellant

_____

Appeal from the United States District Court
for the Southern District of Mississippi
No. 5:04-CV-0322

_____

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Before us is an appeal by Defendant-Appellant Sharon
Duckworth ("Duckworth") of the district court's decision to deny
her qualified immunity at the summary judgment stage on a claim
of excessive force bought by Plaintiff-Appellee Kenneth Duke
("Duke"). Because there are genuine issues of material fact
regarding Duckworth's claim of qualified immunity, we lack

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIRCUIT
RULE 47.5.4.

jurisdiction over this interlocutory appeal and DISMISS it.

## I. FACTUAL AND PROCEDURAL HISTORY

On the night of August 22, 2002, Brenda Stevens ("Stevens"), Pennye Ward ("Ward"), and Sam Dobbins ("Dobbins") arrived at Stevens's home in Sharkey County to find that Duke had locked himself inside the house. Duke, who had been drinking, opened the door for them, and he and Stevens then went outside to talk. The conversation turned into an argument and Duke's pistol accidentally fired. Ward and Dobbins called 9-1-1 from inside the house. Stevens subsequently entered the house carrying Duke's pistol. Duke left in his pick-up truck after trying, unsuccessfully, to speak with Stevens, Ward, and Dobbins, who would not let him inside the house.

Duckworth, who is a Sharkey County Deputy Sheriff, and Stanley Coleman ("Coleman"), also a Deputy, responded to the call. Duckworth questioned Stevens, Ward, and Dobbins while Coleman searched the area for Duke. While being questioned, Dobbins saw Duke from a distance, chased him into a nearby cotton field, and tackled him. In the struggle that followed, Duke gained the upper hand and pinned Dobbins to the ground.

Duckworth asserts that when she came upon the two in the cotton field, Duke was not simply holding Dobbins down but appeared to be making stabbing motions. Dobbins was also yelling that Duke was killing him. Duckworth ordered Duke to "freeze"

2

several times, and, when Duke continued to assault Dobbins, Duckworth shot Duke in the shoulder. Statements taken from Stevens, Ward, and Dobbins all support Duckworth's recollection of the facts.

Duke, however, asserts that his tussle with Dobbins lasted two to three minutes and that during that time he only hit Dobbins twice. The rest of the time, he just held Dobbins down and tried to keep Dobbins from hitting him. He claims Duckworth never ordered him to stop.

Duke brought suit against Duckworth, as well as the Sharkey County Sheriff and other Sharkey County officials, pursuant to 42 U.S.C. § 1983. He included claims of excessive force, assault, battery, failure to train, malicious prosecution, and false arrest and imprisonment. Defendants moved for summary judgment, and the district court granted their motions on all claims except for Duke's excessive force claim against Duckworth. Given the conflicting facts over what happened in the cotton field, the district court determined that Duke had created a genuine issue of material fact as to whether Duckworth was entitled to qualified immunity on Duke's claim that she used excessive force when she shot him. Duckworth has appealed this ruling.

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction over this appeal pursuant to the collateral order doctrine, but our jurisdiction is limited to

3

issues of law.  Hampton v. Oktibbeha County Sheriff Dep't, 480 F.3d 358, 363 (5th Cir. 2007).  We can review a district court's determination that a fact issue is material, but we do not have jurisdiction to review the district court's decision that a fact issue is genuine.  Bazan ex rel. Bazan v. Hidalgo County, 246 F.3d 481, 490 (5th Cir. 2001); see also Hampton, 480 F.3d at 363-64.  Consequently, we must accept Duke's version of the facts as true and review de novo whether the district court erred in determining that Duckworth was not entitled to qualified immunity on that set of facts.  See Gobert v. Caldwell, 463 F.3d 339, 345 (5th Cir. 2006); see also Kinney v. Weaver, 367 F.3d 337, 348 (5th Cir. 2004) (en banc) (stating the court "consider[s] only whether the district court erred in assessing the legal significance of the conduct").  The presence of a genuine issue of material fact regarding qualified immunity will preclude us from exercising jurisdiction.  See Glenn v. City of Tyler, 242 F.3d 307, 312 (5th Cir. 2001).

## III. DISCUSSION

On appeal, Duckworth asserts that she is entitled to qualified immunity with respect to Duke's claim that she used excessive force.  "The doctrine of qualified immunity shields a governmental official from civil liability for damages based upon the performance of discretionary functions if the official's acts did not violate clearly established constitutional or statutory

4

law of which a reasonable person would have known." <u>Hampton</u>, 480 F.3d at 363. A governmental official need only plead her good faith to shift the burden of proof to the plaintiff, who must then rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law. <u>Michalik v. Hermann</u>, 422 F.3d 252, 262 (5th Cir. 2005). As Duckworth has pleaded her good faith in shooting Duke, we now consider whether Duke has successfully rebutted the qualified immunity defense.

The qualified immunity analysis is a two-step process. <u>Id.</u> at 257. First, the plaintiff must allege the violation of a clearly established constitutional right. <u>Easter v. Powell</u>, 467 F.3d 459, 462 (5th Cir. 2006) (per curiam); <u>see also</u> <u>Siegert v. Gilley</u>, 500 U.S. 226, 231-32 (1991). A right is clearly established if its contours are sufficiently clear so that a reasonable official would understand that what she is doing violates that right. <u>Anderson v. Creighton</u>, 483 U.S. 635, 640 (1987); <u>Wooley v. City of Baton Rouge</u>, 211 F.3d 913, 919 (5th Cir. 2000). If the plaintiff satisfies this burden, we must then determine whether the official's conduct was objectively reasonable under the law at the time of the incident. <u>Michalik</u>, 422 F.3d at 258.

We now turn to Duke's claim, in which he asserts that his rights under the Fourth and Fourteenth Amendments to the United States Constitution were violated when Duckworth used excessive

5

force to seize him by shooting him in the shoulder. It is clearly established in this circuit that a claim for excessive force requires (1) an injury; (2) that resulted directly and only from the use of force that was excessive to the need; and (3) that the force used was objectively unreasonable. Flores v. City of Palacios, 381 F.3d 391, 396 (5th Cir. 2004); Ikerd v. Blair, 101 F.3d 430, 433-34 (5th Cir. 1996). It is also clearly established that the use of deadly force is objectively unreasonable unless the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others. Flores, 381 F.3d at 399 (citing Tennessee v. Garner, 471 U.S. 1, 3 (1985)). Here, Duke has alleged that Duckworth's use of deadly force against him violated his rights because he did not pose a significant threat of death or serious physical injury to Dobbins. Duke has, thus, satisfied the first prong of the qualified immunity analysis.

We must now consider whether Duckworth's actions were objectively reasonable. Duckworth argues that, from her vantage point that night, Duke was stabbing or attempting to stab Dobbins and that he refused to stop when ordered to do so. She points out that the statements of the other witnesses back up her version of events. Therefore, she claims that her actions were objectively reasonable because she believed Duke posed a significant threat of death or serious physical injury to Dobbins. Duke, however, testified in his deposition that,

6

although he hit Dobbins twice in the span of two to three minutes, he was merely pinning Dobbins to the ground when he was shot. In its summary judgment order, the district court held that "whether Duke merely was pinning Dobbins to the ground or whether Duke was pummeling him unnecessarily is . . . a heavily contested question of fact." (Summ. J. Order at 23.)

As noted above, we cannot disturb the district court's finding that this is a genuine issue of fact. See Kinney, 367 F.3d at 348 (holding that, in an interlocutory appeal, "we lack the power to review the district court's decision that a genuine factual dispute exists"). Duckworth's argument that the district court did not properly consider all the facts is essentially a challenge to the genuineness finding. We are not at liberty to review such a finding and indeed lack the jurisdiction to do so.

If we accept that a fact issue exists as to whether Duke appeared to be assaulting Dobbins at the time Duckworth shot Duke, it is clear that such a fact issue is also material, which precludes summary judgment on qualified immunity. Taking the evidence in the light most favorable to Duke, Duckworth would not have had probable cause to believe Duke posed a significant threat of death or serious physical injury to Dobbins if all Duke was doing was pinning Dobbins to the ground. Without such a threat, Duckworth's use of deadly force would be objectively unreasonable, meaning that qualified immunity would not protect her actions. Therefore, a genuine issue of material fact exists

7

as to whether Duckworth is entitled to qualified immunity. Consequently, we lack jurisdiction over her appeal and must dismiss it.  See Bazan, 246 F.3d at 493 (dismissing interlocutory appeal when there was a genuine issue of material fact).

## IV. CONCLUSION

For the foregoing reasons, we DISMISS Duckworth's interlocutory appeal for lack of jurisdiction.

DISMISSED.