IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 29, 2007

Charles R. Fulbruge III
Clerk

No. 06-20156
Summary Calendar

JOHN CARL SUTTERLEY

                              Plaintiff-Appellant

v.

MORRIS, TDCJ Kitchen Capt; MURRAY, UTMB-Dr; HOBART,
Saw Manufacturer

                              Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas

USDC No. 4:04-CV-2102

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

    John Carl Sutterley, federal prisoner # 41881-179 and formerly Texas
prisoner # 1201260, appeals the dismissal of his 42 U.S.C. § 1983 action against
Captain Florence Morris of the Texas Department of Criminal Justice, Dr. Jane
Murray of the University of Texas Medical Branch, and "Hobart (saw

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

manufacturer)."[1] The suit originates from injuries he sustained while cutting meat at the Pam Lychner State Jail. Sutterley alleges that, while cutting frozen hamburger meat, some meat shavings became lodged under the meat he was cutting, causing the meat to spin. The meat apparently hit the saw blade, causing it to kick back. The blade severed two of Sutterley's fingers at the joint.

The district court dismissed Sutterley's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure on Eleventh Amendment sovereign immunity and qualified immunity grounds. Sutterley argues that the defendants are not immune from suit because they were negligent in their duties and because they subjected him to unnecessary, wanton infliction of pain.

We review de novo a district court's ruling on a Rule 12(b)(6) motion, "taking the allegations of the complaint to be true."[2] A Rule 12(b)(6) motion may only be granted "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."[3]

This court engages in a two pronged analysis to determine whether a government official is entitled to qualified immunity. The first prong asks "whether the plaintiff has alleged a violation of a constitutional right and, if so, [second] whether the defendant's behavior was objectively reasonable under clearly established law at the time the conduct occurred."[4]

"In order to show that his medical care violated the Eighth Amendment, [an inmate] must allege that prison officials were deliberately indifferent to his

---

[1]Sutterley lists "Hobart (saw manufacturer)" as a defendant. Ostensibly this is Hobart Corporation.

[2]Scanlan v. Texas A & M Univ., 343 F.3d 533, 536 (5th Cir. 2003).

[3]Id.

[4]Hampton v. Oktibbeha County Sheriff Dept., 480 F.3d 358, 363 (5th Cir. 2007).

serious medical needs."[5] With regard to Dr. Murray, Sutterley has, at most, asserted allegations of unsuccessful treatment, negligence, medical malpractice, or a difference of opinion as to treatment, none of which gives rise to a constitutional violation.[6] Because Sutterley failed to allege a violation of a constitutional right, Dr. Murray is entitled to qualified immunity.

Sutterley's brief does not argue that the district court erred by ruling that the Eleventh Amendment barred his § 1983 claims against the defendants in their official capacity. Nor does Sutterley address the district court's ruling that Hobart was not liable under § 1983 as a private party. Although this court construes a pro se litigant's brief liberally, we "also require that arguments must be briefed to be preserved."[7] Accordingly these issues are abandoned.[8]

Similarly, Sutterley abandoned his claims against Captain Morris, although it is a closer question. Sutterley's brief fails to mention Captain Morris or to discuss directly the district court's ruling. Rather, Sutterley merely recites the allegations that Captain Morris violated his constitutional rights by providing "inadequate" training on the use of the saw that cut him. He does not, however, explain how the district court's analysis erred. He does not foot his objection on the district court's legal construction of his claim, and the bald allegation that there are sufficient facts to survive a 12(b)(6) motion without, at

---

[5]Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997).

[6]See id. at 292 ("Disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs."); Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993) ("Succinctly stated, negligent medical care does not constitute a valid section 1983 claim."); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991) ("Unsuccessful medical treatment does not give rise to a § 1983 cause of action. Nor does '[m]ere negligence, neglect or medical malpractice.'" (quoting Fielder v. Bosshard, 590 F.2d 105, 107 (5th Cir. 1979)).

[7]Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993) (quoting Price v. Digital Equip. Co., 846 F.2d 1026, 1028 (5th Cir. 1988)).

[8]See id.

a minimum, identifying what alleged facts contradict the district court's conclusion is insufficient to satisfy Rule 28.

Finally, to the extent that Sutterley's allegations concerning other unnamed prison employees' mishandling of his severed digit are an attempt to raise claims against additional defendants, we do not consider them because they were not raised below.[9]

Accordingly, we AFFIRM.

---

[9]Texas Commercial Energy v. TXU Energy, Inc., 413 F.3d 503, 510 (5th Cir. 2005).