# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 7, 2012

No. 11-41198

Lyle W. Cayce
Clerk

JENNIFER BUTLER,

Plaintiff-Appellant,

versus

TAMMY WEPPELMAN, in Her Official Capacity;
GILLIS HAMMETT, in His Individual and Official Capacities,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
No. 4:09-CV-402

Before KING, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jennifer Butler appeals an order of dismissal in her 42 U.S.C. § 1983 suit. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-41198

Butler alleges that in September 2008, Denton County Sheriff's Mental Health Investigative Unit ("MHIU") investigator Michael Duke interviewed her as a proposed patient and determined that confinement was not necessary, remanding her to the custody of a third party. Tammy Weppelman, the head of the crisis unit of Denton County Mental Health and Mental Retardation Department ("MHMR"), which works closely with but is separate from MHIU, contacted Gillis Hammet, head of MHIU and a nurse for MHMR, and asked for a second assessment. Under Hammett's orders, a second investigator, Gary Hall, interviewed Butler and came to the same conclusion as Duke: Butler did not need to be confined, and she was remanded to the same third party.

Butler alleges that, despite the recommendations of Duke and Hall and Butler's own compliance with the less-restrictive alternative, Weppelman falsely swore a probable-cause affidavit, misrepresenting that Butler was likely to cause serious harm to herself and was so disabled as to be unable to take care of her own basic needs or make a rational and informed decision as to her own treatment. Based on that affidavit, a judge executed a warrant for Butler's detention; upon receiving the warrant, Hammett ordered Deputy Kevin Bragg to apprehend Butler.

Butler alleges that Bragg and Hammett had been following the case all day and knew that Weppelman's affidavit, on which the warrant was based, was fraudulent. Despite Bragg's protestations, Hammett ordered him to execute the warrant. Butler was involuntarily committed to a mental-health facility. She was released a few days later after a judge dismissed her case on recommendation of the assistant district attorney, who had been informed of the situation by Bragg.

Butler sued Weppelman, Hammett, and MHMR for violation of her Fourth and Fourteenth Amendment rights and various state laws. Weppelman and Hammett asserted qualified immunity and moved to dismiss under Federal

2

No. 11-41198

Rules of Civil Procedure 12(b)(6) and 12(c). Adopting the magistrate judge's recommendation, the district court dismissed all claims against MHMR and Hammett, all state-law claims against Weppelman, and all constitutional claims against Weppelman in her official capacity, allowing only the constitutional claims against Weppelman in her individual capacity to proceed. Butler appeals only the dismissal of the § 1983 claims against Hammett in both his official and individual capacity and against Weppelman in her official capacity.[1]

We review a grant of a Rule 12(b)(6) motion to dismiss *de novo*. *Atchafalaya Basinkeeper v. Chutz*, 682 F.3d 356, 357 (5th Cir. 2012). For the same reasons given by the magistrate judge, we agree that the official-capacity claims were properly dismissed. Butler does not sufficiently allege a policy or custom of MHIU or MHMR that resulted in the violation of her rights; she does not point to how Hammett or Weppelman was a policy maker. *See Piotrowski v. City of Hous.*, 237 F.3d 567, 578-81 (5th Cir. 2001).

Regarding Butler's claims against Hammett in his individual capacity, we ultimately agree with the magistrate court that our precedent provides controlling authority. In *Michalik v. Hermann*, 422 F.3d 252 (5th Cir. 2005), we addressed a suit against officers involved in the procurement and execution of a warrant that lacked probable cause because of reliance on stale investigative information. We held that qualified immunity protected all the officers except (1) the affiant and (2) the "officer who actually prepares the warrant application with knowledge that a warrant would be based solely on the [faulty affidavit]." *Id.* at 261. Only those officers are "in a position to see the whole picture, to

---

[1] Although the order of dismissal does not itself include a determination of partial final judgment under Federal Rule of Civil Procedure 54(b), we are satisfied that the district court intended to enter judgment pursuant to that rule in light of the district court's September 30, 2011, order, in which it adopted the magistrate judge's Rule 54(b) finding and granted the motion for entry of judgment. *See Kelly v. Lee's Old Fashioned Hamburgers*, 908 F.2d 1218, 1220 (5th Cir. 1990) (per curiam) (en banc). The district court's failure to enter a separate Rule 54(b) determination therefore does not deprive us of appellate jurisdiction.

No. 11-41198

understand [their] responsibility, and thus fully to assess probable cause questions." *Id.*

Accordingly, we held immunity extended even to an officer who actually executed the warrant with knowledge of its lack of probable cause because of his involvement in the investigation, because he was not an affiant or involved in preparing or presenting the warrant. *Id.* at 261-62. Butler does not allege that Hammett either falsely swore the affidavit or prepared the warrant. Both of those actions, according to Butler, were performed by Weppelman, who still may be liable in this suit in her individual capacity.

Hammett's immunity is reinforced by *Hampton v. Oktibbeha County Sheriff Department*, 480 F.3d 358 (5th Cir. 2007), in which we held that an officer who was involved in the investigation may have had some involvement in procuring the warrant, and actually executed the warrant, was immune from suit, because he neither prepared the warrant nor presented it to the judge. This court also held that a supervising officer who ordered the allegedly false affidavit prepared and the warrant procured was also not liable, because the supervising officer did not himself violate the plaintiff's constitutional rights by directly preparing or executing the warrant. *Id.* at 365 ("A supervisory officer cannot be held liable under § 1983 for the actions of subordinates on any theory of vicarious liability." (quoting *Thibodeaux v. Arceneaux,* 768 F.2d 737, 739 (5th Cir. 1985) (per curiam)). Similarly, Hammett cannot be held liable for ordering Bragg to arrest Butler even if he knew that Weppelman's affidavit was false.

The judgment of dismissal is AFFIRMED.