# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30199

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2016

Lyle W. Cayce
Clerk

SEANTREY MORRIS,

      Plaintiff - Appellee

v.

BRANDON LEBLANC; ARTHUR S. LAWSON, in his official capacity as
Chief of Police, City of Gretna Police Department; CITY OF GRETNA,

      Defendants - Appellants

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-1741

Before KING, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

    In this suit under 42 U.S.C. § 1983, Defendant–Appellant Brandon
Leblanc appeals the district court's denial of his motion for summary judgment
on the basis of qualified immunity.  Appellate jurisdiction over such an
interlocutory appeal is limited to issues of law and does not extend to factual
disputes.  However, Leblanc's only arguments on appeal are limited to

---

   * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-30199

challenging the factual disputes that the district court found to be genuine. Accordingly, we DISMISS this interlocutory appeal for lack of appellate jurisdiction.

## I.     Factual and Procedural Background

On the evening of July 31, 2013, Joseph Mekdessie, a police officer for the City of Gretna, Louisiana, conducted a traffic stop of a vehicle driven by Plaintiff–Appellee Seantrey Morris after observing Morris speeding. Mekdessie issued Morris a ticket for speeding and for having an expired brake tag sticker.  The parties dispute much of what happened after the ticket was issued.  Morris claims that he was unable to read the ticket because it was dark outside so he repeatedly asked Mekdessie why he was receiving the ticket, but rather than responding, Mekdessie simply advised him that signing was not an admission of guilt and ordered him to sign the ticket or go to jail.  Morris persisted in his questioning without signing the ticket, so Mekdessie ultimately instructed him to put his hands behind his back because he was being arrested.  Morris admits that he did not immediately comply with this instruction.

A physical confrontation ensued, the exact details of which are contested. Morris's complaint alleges that Mekdessie "threw his ticket book on the ground and lunged at [Morris]" and then "tackled . . . Morris, slammed [his] face into the ground, placed [him] [in] a headlock and struck [his] head, jaw, neck, and upper body several times with [a] closed fist."  However, Morris later stated during a deposition that he did not remember what happened after Mekdessie threw the ticket book on the ground and specifically did not recall whether he was punched.  Both men agree that they ultimately ended up in a physical struggle on the ground, during which Mekdessie pressed the emergency button on his radio, which transmitted audio of the struggle to other officers and alerted them that he needed back-up.  Mekdessie estimates that he and Morris

2

struggled on the ground for 30–45 seconds before other officers, including Officer Brandon Leblanc, arrived on the scene.[1]  Morris's memory is hazy for the remainder of the confrontation.   He recalls being tased an unknown number of times, handcuffed, and placed in the back of a police car, though not necessarily in that order.  After he was taken into custody, Morris tasted blood in his mouth and felt as though he had lost a tooth.

Leblanc's memory of the altercation is clearer.  He testified that upon arriving at the scene, he saw both men on the ground, with Morris on top of Mekdessie.  He then "tackled Morris" and was able to successfully clear him off of Mekdessie.  Leblanc claims that Morris then attempted to stand up, at which point Leblanc tased him in his left shoulder.[2]  Leblanc maintains that Morris's hands were not handcuffed at the time of the tasing.  Records from the taser indicate that Leblanc's taser trigger was pulled four times that night, three of which occurred within a 13-second period.  The taser contained a video recording mechanism that automatically recorded the tasing after the trigger was pulled.

An independent witness, Virana Naidoo, happened to be walking by as the altercation between Morris and Mekdessie was unfolding.  Naidoo worked at a nearby restaurant and was on his way home when he saw Morris and Mekdessie yelling at each other and paused to watch.  In an affidavit, Naidoo stated that he watched Mekdessie and Morris "wrestling with each other and rolling around on the ground" and then saw Mekdessie "flat on the ground" with Morris "on top" and "over" him.  He noted that Morris was "much bigger" than Mekdessie and was not in handcuffs during his struggle with Mekdessie.

---

[1] Officers Megan Stacy and Daniel Swear were also present at the scene, but they are not party to this appeal.

[2] According to Leblanc, the taser did not have its intended effect of completely immobilizing Morris's muscles because one of the probes did not completely penetrate Morris's skin, but the taser was sufficiently effective to allow Morris to be handcuffed.

No. 16-30199

According to Naidoo, after about 30 seconds, more police officers arrived, one of whom ordered Naidoo to get on the ground, after which he apparently ceased witnessing the altercation.

Morris was transported to jail, where it was first noticed that he was injured, and he was then transported to a hospital, where he underwent surgery for a broken jaw. Neither Mekdessie nor Leblanc noticed the injury at the scene and could not offer an explanation for how Morris's jaw could have been broken during the course of the altercation. Morris was later charged with speeding, having an expired brake tag, resisting an officer, and battery of a police officer. Morris voluntarily completed a diversion program and the charges were subsequently dismissed.

Morris later filed suit against Leblanc[3] in his individual capacity under 42 U.S.C. § 1983 and Louisiana state law, alleging, in relevant part, that Leblanc used excessive force and committed battery in effectuating the arrest.[4] Leblanc moved for summary judgment on the basis of qualified immunity, but the district court denied his motion with respect to Morris's excessive force and battery claims. This interlocutory appeal by Leblanc followed.[5]

## II.    Appellate Jurisdiction

This is an interlocutory appeal from the district court's denial of a motion for summary judgment based upon qualified immunity. Neither party contests our jurisdiction over this appeal. Nevertheless, we may first "verify, *sua sponte*, that our jurisdiction over this appeal is proper." *Hernandez ex rel.*

---

[3] Morris also named as defendants Mekdessie, Swear (one of the other officers on the scene), Arthur Lawson (the chief of police), and the City of Gretna. However, those defendants are not parties to this appeal.

[4] Morris also brought claims of unlawful arrest and false imprisonment against Leblanc, but the district court granted summary judgment on those claims and neither is at issue on this appeal.

[5] Lawson and the City of Gretna are also party to this appeal, but their liability is derivative of Leblanc's.

No. 16-30199

*Hernandez v. Tex. Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 878 (5th Cir. 2004) (citing *Mowbray v. Cameron Cty.*, 274 F.3d 269, 279 (5th Cir. 2001)). "[This] court reviews its own jurisdiction de novo." *Castellanos–Contreras v. Decatur Hotels, LLC*, 622 F.3d 393, 397 (5th Cir. 2010) (en banc) (citing *Nehme v. INS*, 252 F.3d 415, 420 (5th Cir. 2001)).

We have limited jurisdiction over an interlocutory appeal of a denial of summary judgment based upon qualified immunity. *Kinney v. Weaver*, 367 F.3d 337, 346 (5th Cir. 2004) (en banc). We may exercise jurisdiction over such an appeal only "to the extent that the denial of summary judgment turns on an issue of law." *Hogan v. Cunningham*, 722 F.3d 725, 730 (5th Cir. 2013) (alteration omitted) (quoting *Juarez v. Aguilar*, 666 F.3d 325, 331 (5th Cir. 2011)). Our jurisdiction does not extend to review of the district court's factual findings. *Lemoine v. New Horizons Ranch & Ctr., Inc.*, 174 F.3d 629, 633 (5th Cir. 1999). In explaining this jurisdictional limitation, we have stated: "Whenever the district court denies an official's motion for summary judgment predicated upon qualified immunity, the district court can be thought of as making two distinct determinations, even if only implicitly." *Kinney*, 367 F.3d at 346. The first determination is "that a certain course of conduct would, as a matter of law, be objectively unreasonable in light of clearly established law." *Id.* The second is "that a genuine issue of fact exists regarding whether the defendant(s) did, in fact, engage in such conduct." *Id.* "According to the Supreme Court, as well as our own precedents, we lack jurisdiction to review conclusions of the *second* type on interlocutory appeal." *Id.* In other words, on interlocutory appeal, we cannot review "the district court's assessments regarding the sufficiency of the evidence—that is, the question whether there is enough evidence in the record for a jury to conclude that certain facts are true." *Id.* at 347; *see also Johnson v. Jones*, 515 U.S. 304, 313 (1995) ("We now consider the appealability of a portion of a district court's summary judgment

order that, though entered in a 'qualified immunity' case, determines only a question of 'evidence sufficiency,' *i.e.*, which facts a party may, or may not, be able to prove at trial.  This kind of order, we conclude, is not appealable.").

This limitation means that we can review the district court's determination that a fact issue is *material* to the legal question of qualified immunity, but lack jurisdiction to review the district court's decision that a fact issue is *genuine.  Newman v. Guedry*, 703 F.3d 757, 761 (5th Cir. 2012); *see also Kinney,* 367 F.3d at 348 ("[I]n an interlocutory appeal we lack the power to review the district court's decision that a genuine factual dispute exists."); *Duke v. Duckworth*, 236 F. App'x 86, 89 (5th Cir. 2007) (per curiam) ("[W]e cannot disturb the district court's finding that this is a genuine issue of fact."). Put differently, we lack jurisdiction "over a claim that a plaintiff has not presented enough evidence to prove that the plaintiff's version of the events actually occurred, but we have jurisdiction over a claim that there was no violation of clearly established law accepting the facts as the district court viewed them." *Burge v. Par. of St. Tammany*, 187 F.3d 452, 479 (5th Cir. 1999). When presented with an interlocutory appeal of the denial of qualified immunity that challenges only issues of fact, we must dismiss it for lack of jurisdiction. *Michalik v. Hermann,* 422 F.3d 252, 257, 263 (5th Cir. 2005); *see also Newman*, 703 F.3d at 764 (dismissing for lack of jurisdiction interlocutory appeal of denial of qualified immunity).

Here, the district court denied summary judgment because it found a "genuine factual dispute as to whether the tasing of Morris was unlawful." Largely relying on the taser video in finding a genuine factual dispute, the district court explained that, "while Morris'[s] recollection of the circumstances of the arrest is questionable," the taser video "shows that Morris was possibly handcuffed and submissive at the time of tasing."  The district court therefore considered the taser video "as possible corroboration of the claim that the

officers exerted excessive force after the arrest." The district court further noted that it was undisputed that Morris suffered a broken jaw as a result of the altercation and that the taser video "suggested that [this injury] occurred as a result of the tasing." The district court concluded that there was a genuine factual dispute as to whether Leblanc, "the undisputed operator of the taser," used excessive force against Morris in tasing him. Therefore the district court seemed to implicitly conclude that, under a certain set of disputed facts, Leblanc's tasing of Morris was objectively unreasonable under clearly established law, *i.e.*, if the tasing was performed when Morris was handcuffed and/or not resisting arrest and the tasing caused Morris's broken jaw.

Leblanc's brief raises two arguments, both aimed at challenging the district court's conclusion that there was a genuine dispute of material fact. First, Leblanc argues that the district court erred by failing to consider Naidoo's affidavit, which stated that Morris was not handcuffed during the altercation and was gaining an advantage over Mekdessie in their altercation. Leblanc urges that Naidoo's account shows that "Morris was fighting and resisting Mekdessie" and "provide[s] full and complete support for [Leblanc's] statements of events," yet the district court failed to mention Naidoo's affidavit in its order. Second, Leblanc argues that the taser video contradicts the district court's finding that Morris's injury could have resulted from the tasing. He argues that the district court's finding that the video creates a factual dispute as to whether the tasing was lawful "is completely belied by . . . the taser video and audio."[6] Leblanc claims the taser video and audio "clearly

---

[6] We have reviewed the taser video and have determined that the video does not present the situation the Supreme Court addressed in *Scott v. Harris*, 550 U.S. 372 (2007). In *Scott*, the Court concluded that because the video capturing the events in question "so utterly discredited" and "blatantly contradicted" the non-movant's version of events, the facts on summary judgment must be viewed as depicted by the video rather than in the light most favorable to the non-movant. *Id.* at 379–81. Without addressing the merits of Morris's claim,

establish[]" that Morris was not handcuffed at the time of the tasing and was instead attempting to get up from the ground.[7]

We lack jurisdiction over Leblanc's appeal because both of these arguments relate only to factual issues. They both challenge the genuineness of the factual dispute, *i.e.*, the sufficiency of the evidence supporting the district court's finding of factual dispute, not the materiality of this factual dispute to the district court's legal conclusions. Put succinctly, neither of Leblanc's arguments suggests that the factual dispute is immaterial—instead, they suggest that there is no factual dispute at all. The entirety of Leblanc's argument on appeal is that Naidoo's affidavit and the taser video show that Morris was not handcuffed and was resisting arrest at the time of the tasing, contrary to the district court's finding of factual dispute on these issues. Therefore Leblanc does not "accept [Morris's] version of the facts as true" and does not challenge "the legal significance of the conduct that the district court deemed sufficiently supported for purposes of summary judgment." *Kinney*, 367 F.3d at 348. For instance, Leblanc does not argue that, even if Morris was handcuffed and was not resisting at the time Leblanc tased him, Leblanc's actions did not constitute excessive force. Rather, Leblanc argues that the district court did not properly consider all the facts and that, under Leblanc's version of the facts, his conduct was reasonable. Because Leblanc's arguments all challenge the district court's conclusion that there was a genuine dispute of material fact, we lack jurisdiction over such arguments on interlocutory appeal and must dismiss them for lack of jurisdiction. *See Fuentes v. Riggle*, 611 F. App'x 183, 189–90 (5th Cir. 2015) (per curiam) (concluding that the appeal

---

we note that the video here is at least ambiguous regarding what transpired, and therefore the district court did not err in crediting Morris's version of events on summary judgment.

[7] Leblanc also argues that "the undisputed evidence of the testimony of the officers" also demonstrates the absence of any factual dispute.

must be dismissed for lack of jurisdiction when appellant argued only that "the district court erred in concluding that sufficient facts were in the record to permit [a certain] factual finding"); *Duke*, 236 F. App'x at 89 (concluding appeal must be dismissed for lack of jurisdiction when appellant argued only that "district court did not properly consider all the facts"); *Burge*, 187 F.3d at 480 (concluding appeal must be dismissed for lack of jurisdiction when appellant argued only that appellee's "countervailing evidence [wa]s not sufficient to prove [a disputed fact]").

### III.  Conclusion

We therefore DISMISS this appeal for lack of jurisdiction.