# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 24, 2023

Lyle W. Cayce
Clerk

No. 23-30006
Summary Calendar

---

Bruce Washington, *Individually*,

Plaintiff—Appellant,

*versus*

Alexander Thomas, *in his individual capacity*,

Defendant—Appellee.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CV-632

---

Before Stewart, Dennis, and Willett, *Circuit Judges*.

Per Curiam:[*]

Appellant Alexander Thomas moved for summary judgment, seeking dismissal of Appellee Bruce Washington's claim that Thomas violated Washington's Fourth Amendment rights during a traffic stop. The district court denied the motion, finding a genuine dispute of material fact as to whether Thomas had reasonable suspicion or voluntary consent to search

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Washington. Because Thomas challenges the genuineness of the disputed facts, we DISMISS this appeal for lack of jurisdiction.

This court has "limited jurisdiction over an interlocutory appeal of a denial of summary judgment based upon qualified immunity." *Morris v. Leblanc*, 674 F. App'x 374, 377 (5th Cir. 2016). "In deciding an interlocutory appeal of a denial of qualified immunity, we can review the *materiality* of any factual disputes, but not their *genuineness*." *Wagner v. Bay City*, 227 F.3d 316, 320 (5th Cir. 2000); *accord Craig v. Martin*, 49 F.4th 404, 408–09 (5th Cir. 2022). Where, as here, an officer's qualified immunity depends on the resolution of genuine factual disputes, we cannot hear his appeal from the denial of summary judgment.

Thomas claims to challenge the materiality of those facts, arguing that there can be no disputed facts because the entire incident was captured on video. Yet Thomas does not argue that, taking Washington's allegations as true, there was no constitutional violation. *Reyes v. City of Richmond*, 287 F.3d 346, 351 (5th Cir.2002) ("An officer challenges materiality when he contends that, 'taking all the plaintiffs' factual allegations as true, no violation of a clearly established right was shown.'") (internal citation removed). Instead, Thomas challenges the genuineness of the factual disputes in this case by arguing that the video footage supports his version of events. Under our case law, an officer's argument that no factual disputes exist is a challenge to "genuineness" over which we do not have jurisdiction. *See Morris v. Leblanc*, 674 Fed. Appx. 374, 378 (5th Cir. 2016) (finding that an officer's argument that there was no factual dispute was a challenge to the "genuineness of the factual dispute"); *Durant v. Brooks*, 826 Fed. Appx. 331, 335 (5th Cir. 2020) (dismissing claim on appeal for lack of jurisdiction where officer "effectively challenge[d] the 'genuineness' of the factual disputes underlying [the district court's] findings[.]").

No. 23-30006


Because Thomas challenges the genuineness of the factual disputes forming the basis of the district court's denial of summary judgment, this court lacks jurisdiction over this appeal. Accordingly, this appeal is DISMISSED for lack of jurisdiction.