**Thomas Henry PAYNE,**
**Plaintiff–Appellant,**

v.

**James A. LYNAUGH, Director, Texas**
**Department of Corrections, et al.,**
**Defendants–Appellees.**

No. 87–6009.

United States Court of Appeals,
Fifth Circuit.

April 5, 1988.

Robert Hampton, West TX Legal Services, Wichita Falls, Tex., for plaintiff-appellant.

Jo Anne Bernal, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, Tex., for defendants-appellees.

Before POLITZ, JOHNSON, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Thomas Henry Payne filed a civil rights action under 42 U.S.C. § 1983 against certain state officials of the Texas Department of Corrections (TDC) alleging that these officials denied him the medical treatment recommended or prescribed by the doctors. Construing his complaint as one

3. However, ordinary costs on appeal are assessed against Eversley, as the losing party.

of untimely and improper medical care, the district court dismissed the action with prejudice as frivolous under 28 U.S.C. § 1915(d). Payne timely appealed, but the district court denied him leave to appeal in forma pauperis (IFP), stating that the appeal is not taken in good faith.

■ In this Court, Payne filed a motion for leave to appeal IFP. A motion for IFP is granted if the appeal presents legal points which have arguable merit and are, therefore, not frivolous. *Howard v. King,* 707 F.2d 215, 220 (5th Cir.1983). Payne's appeal is not frivolous.

■ The standard for reviewing a prisoner's civil rights complaint has been recently set forth in two opinions. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir.1986); *Green v. McKaskle,* 788 F.2d 1116 (5th Cir.1986). A district court has broad discretion in making the determination whether an IFP proceeding is frivolous. *Cay,* 789 F.2d at 326 (and authorities cited therein). This Circuit uses three standards in making the determination of frivolousness. *Cay* summarizes these as follows:

An IFP proceeding may be dismissed if (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law and fact; or (3) it is clear that the plaintiff can prove no set of facts in support of his claim. *See Green,* 788 F.2d at 1120 (citations omitted). While we doubt the appropriateness of the third standard, which equates frivolousness with the standard for dismissal under 12(b)(6), *see Anderson* [*v. Coughlin*], 700 F.2d [37] at 43, a § 1915(d) dismissal is appropriate under any of these standards.

*Cay,* 789 F.2d at 326.

■ Whatever the ultimate merits of Payne's civil rights suit, it is not clear that he can prove no set of facts in support of his claim, that his claim has no arguable basis in law and fact or that the claim's realistic chance of ultimate success is slight. Payne alleges that TDC officials failed to follow the treatment prescribed by TDC medical staff. Under certain circumstances, allegations of deliberate indifference may be shown when prison officials deny an inmate recommended treatment by medical professionals. *Woodall v. Foti,* 648 F.2d 268, 272 (5th Cir.1981). In *Woodall,* a prisoner was diagnosed by the prison psychiatrist as a manic depressive with suicidal tendencies. The prisoner had received psychiatric treatment for his condition before being incarcerated, and the prison psychiatrist acknowledged that continuing treatment was necessary. The defendant sheriff, however, refused treatment and placed the prisoner in solitary confinement, allegedly aggravating his depression. *Id.* at 270–71. This Court observed:

Woodall's allegations liberally construed and accepted as true, are … that he requires psychiatric treatment, that the prison psychiatrist had advised him that he needed psychiatric treatment which the prison could not provide, that the conditions of his confinement aggravated his medical needs, and that Sheriff Foti had refused to provide him with the necessary treatment. These allegations are sufficient to require that we remand for their consideration.

*Id.* at 272. *See also, West v. Keve,* 571 F.2d 158, 161–62 (3d Cir.1978).

■ In his complaint and at the *Spears* hearing, Payne alleged that he suffers from severe emphysema and that TDC employees did not provide him with the oxygen equipment recommended by TDC physicians. Specifically, Payne alleges that, contrary to the physician's instructions, he was refused transfer to a better-equipped unit and was transported by bus from the prison to the hospital several times without oxygen equipment. In support, Payne introduced into the record a letter from his unit's TDC physician, Dr. Marc Vincent. This letter reads, in part:

[I]t was felt that this problem [emphysema] is life threatening and that the patient could die at Beto II, in case he should have an acute respiratory infection, for lack of sophisticated equipment…. [I]t was recommended that he [Payne] should be placed in a facility with full medical and surgical resources….

T. Payne has been sent to various specialists at JSH and the round trip is just too much for his frail constitution; he has recently lost eight pounds and weighs 110 lbs.

I definitely advise that he be admitted in the hospital without appreciable delay, because he might die during a trip; and if he cannot see the specialist he might not get the care he so urgently needs.

Record at 72. This letter supports Payne's contention that the TDC did deliberately ignore the recommendations of a TDC physician and Payne's medical needs and that those needs were serious. In addition, Payne alleges that the TDC's actions caused him to develop pneumonia.

Payne's allegations are not frivolous. Dismissal under § 1915(d) was error. The motion for leave to appeal IFP is GRANTED, the dismissal order of the district court is VACATED, and the case is REMANDED to the district court.

IFP GRANTED.

VACATED & REMANDED.