IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20505
Summary Calendar
_____


DANTE D'AGOSTINO,

                                        Plaintiff-Appellant,

versus

PATERSON, Sergeant; D. MERRELL, DR.; JOHN DOE, #1, DR.; JOHN DOE,
#2, DR.; CHANNEY, DR.,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 96-CV-3826
- - - - - - - - - -

June 9, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Dante D'Agostino, Texas prisoner # 688309, appeals from the
district court's order dismissing his civil rights complaint as
frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  He argues that the
defendant prison officials were deliberately indifferent to his
serious medical needs.  We have reviewed the record and
D'Agostino's brief, and we conclude that the district court
abused its discretion by dismissing the complaint as frivolous as
to two defendants.  See Payne v. Lynaugh, 843 F.2d 177, 178 (5th

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Cir. 1988). D'Agostino's allegations at the <u>Spears</u>[**] hearing present a nonfrivolous claim of interference with prescribed medical care under the Eighth Amendment which, with further factual development, "may pass section 1915[e] muster." <u>See</u> <u>Eason v. Thaler</u>, 14 F.3d 8, 10 (5th Cir. 1994). D'Agostino's testimony was that: 1) at least two physicians in the prison system prescribed a back brace for D'Agostino and that one of them, Dr. Thompson (defendant Dr. John Doe #1), conditioned the prescription on approval from nonmedical security personnel; 2) that Sergeant Patterson confiscated his prescribed back brace even though it contained no metal and even after D'Agostino showed him the prescription for it written by Dr. Thompson; and 3) that if the back brace did not contain metal, it was not a security threat. Any reliance on other evidence at the <u>Spears</u> hearing to counter D'Agostino's testimony was error. <u>See</u> <u>Wilson v. Barrientos</u>, 926 F.2d 480, 483 (5th Cir. 1991). The facts to which D'Agostino testified are not irrational or wholly incredible, so they are not frivolous. <u>See</u> <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992). Accordingly, the district court's dismissal of the complaint as frivolous is VACATED as to defendants Patterson and Thompson, and the case is REMANDED for further proceedings. The district court's judgment is AFFIRMED as to the remaining defendants.

AFFIRMED in part; VACATED AND REMANDED in part.

---

[**] <u>Spears v. McCotter</u>, 776 F.2d 179 (5th Cir. 1985).