No. 99-10709
-1-

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10709
Summary Calendar
_____

MICHAEL BIAS,

                                        Plaintiff-Appellant,

versus

LESLIE WOODS; EARL FOX; RAY CASTRO, Assistant
Warden; NENITA SABATER; JOHN DOE #1, Officer;
JOHN DOE #2, Officer; JOHN DOE #3, Officer,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:99-CV-33
--------------------

January 5, 2000

Before KING, Chief Judge, and JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Michael Bias, Texas prisoner # 769345, appeals the district court's dismissal his 42 U.S.C. § 1983 claims as frivolous.  Bias filed suit against three prison wardens, one prison psychiatrist, and three unknown prison officers.  Bias contends that he sufficiently alleged claims of deliberate indifference to a serious medical need against each of the defendants and that the district court's dismissal was an abuse of discretion.

     A district court may dismiss an in forma pauperis complaint

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as frivolous if it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31-34 (1992); see also 28 U.S.C. § 1915(e)(2)(B)(i). A complaint lacks an arguable basis in law if it is based on an "indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A § 1915(e)(2)(B)(i) dismissal is reviewed for abuse of discretion. Denton, 504 U.S. at 33-34.

In order to prove an Eighth Amendment violation, Bias must prove deliberate indifference to a substantial risk of serious harm. See Hare v. City of Corinth, Miss., 74 F.3d 633, 648 (5th Cir. 1996)(en banc)(citing Farmer v. Brennan, 511 U.S. 825, 839-41 (1994)). A prison official acts with deliberate indifference only if he knows that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate it. Hare, 74 F.3d at 648-49.

A review of the record reveals that Bias's claims against the three wardens (Leslie Woods, Earl Fox, and Ray Castro) involved allegations of supervisory liability and not that they were directly involved with the medical treatment, or lack thereof, Bias received at the Allred Unit. See Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987). The district court's dismissal as frivolous Bias's claims against these three defendants was not an abuse of discretion, and the district court's judgment with respect to these claims is AFFIRMED.

However, Bias's other allegations are not totally baseless: that he overdosed on his medication and subsequently went into a coma; that one of the officers (John Doe #1) was informed of the

overdose by Bias's cell mate but did not inform the prison's medical staff; that Dr. Nenita Sabater did not sufficiently examine Bias to determine whether he had overdosed, whether he was in danger of going into a coma, or whether he was at risk for developing necrosis in his hip and right side; and that the officers who transported Bias from the Allred Unit to another prison facility deliberately disregarded Bias's comatose or necrotic condition. Because these allegations are not totally baseless, delusional, or without legal basis, the district court's dismissal of the claims against these defendants as frivolous was an abuse of discretion at this stage of the proceeding. See Denton, 504 U.S. at 32-33 (claims which are clearly baseless are considered factually frivolous); Payne v. Lynaugh, 843 F.2d 177, 178 (5th Cir. 1988) (claim is frivolous when prisoner can prove no set of facts to support his claim and the claim has no arguable basis in law). We intimate no view as to the ultimate merits of these claims. We hold merely that on the record before us, we cannot conclude that the claims have no arguable basis in law or fact.

The judgment with respect to the dismissal of the claims against Dr. Sabater and John Does #1, 2, and 3 is VACATED, and the case is REMANDED for further proceedings on these claims.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.