IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-21149
(Summary Calendar)
_____

JAMES EDWARD WILLIAMS,

Plaintiff-Appellant,

versus

WAYNE SCOTT, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION;
DR. MICHAEL WARREN; TEXAS TECH; ART MOSLEY; JOHN GILBERT;
TIMOTHY REVELL; DESSIE F. CHERRY; GROVER W. GOODWELL, JR.;
WILLIE ADAMSON, Captain; REGINALD M. SIMS; EDWARD E. MCELYEA;
D.D. SANDERS; S.O. WOODS; RANDY MCVEY; PEGGY L. GILMORE; MICHAEL
JONES; KANA ASBATHY; CYNTHIA COBERLY; DEBORAH MYRICK; PHILBERT
CORDOVA; TOMMY KILE; MICHAEL HOOTEN; GERALD W. DAVIS; JIMMY BOWMAN;
CHARLES ELLINGBURG, Captain; J.R. GABBARD,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(H-97-CV-3665)
--------------------
March 8, 2000
Before POLITZ, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant James Edward Williams, Texas inmate
# 739898, proceeding *pro se* and *in forma pauperis*, appeals the
district court's dismissal of his complaint for failure to state a
claim upon which relief could be granted. Williams asserted claims
of deliberate indifference to his medical needs, deliberate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

indifference to medical restrictions, retaliation, excessive force, deprivation of due process, and denial of access to the court. Williams also appeals the district court's denial of his motions for a default judgment and for leave to amend. Williams' pending motions are DENIED.

Williams' argument concerning the denial of leave to amend addresses a supplemental pleading. *See* Fed. R. Civ. P. 15(d) (supplemental complaint concerns allegations of events occurring after the filing of the original complaint); *Dean v. Ford Motor Credit Co.*, 885 F.2d 300, 302 (5th Cir. 1989) (an amended complaint concerns allegations of events occurring prior to the original complaint). Williams was required to obtain leave to file the supplemental pleading. *See* Fed. R. Civ. P. 15(d). Williams has not shown that the district court abused its discretion by denying him leave to supplement his complaint. *Lewis v. Knutson*, 699 F.2d 230, 239 (5th Cir. 1983). Williams also has not shown that the district court abused its discretion by denying his motion for a default judgment. *See Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (a party is not entitled to a default judgment as a matter of right, even when the defendant is technically in default).

Williams has abandoned his claims that the defendants denied him access to the court, levied disciplinary charges against him for refusing to be housed with certain inmates, denied him the right to present medical record evidence and to call witnesses at hearings, and that defendant Cordova used excessive force in removing him from the shower. *See Yohey v. Collins*, 985 F.2d 222,

225 (5th Cir. 1993). Further, although Williams states that the district court erred by denying his motions for discovery, a temporary restraining order, and an injunction; denying him a jury trial; granting the defendants' Fed. R. Civ. P. 7(a) motion; and denying relief on his state law claims, he has not briefed these issues sufficiently. *See* Fed. R. App. P. 28(a)(9). Accordingly, he has abandoned them. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Williams' allegations that he was denied various medical examinations and treatment for his eyes and burning skin after he was sprayed with a chemical are refuted by the medical records. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (prisoner's disagreement with medical treatment does not state a cause of action).

Williams asserted that the defendants used excessive force by spraying him with a chemical when he refused to move to an upper bunk. Williams contends that the district court improperly resolved factual disputes and made credibility determinations in dismissing this claim.

Williams alleged that the defendants ordered him housed, and to move, in contravention of medical restrictions of which the defendants were apprised. Williams alleged that he injured himself because the defendants did not comply with the medical restrictions. Williams also contends that the defendants denied him knee surgery that was approved.

We review a dismissal for failure to state a claim *de novo*. *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998); *see Shipp v.*

3

*McMahon*, 199 F.3d 256, 260 (5th Cir. 2000). Prior to such a dismissal, the complaint is construed liberally in favor of the plaintiff, and the factual allegations are accepted as true. *See Shipp*, 199 F.3d at 260. Dismissal is improper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (citation and quotations omitted).

An excessive-force claim is examined to determine "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). "The Eighth Amendment[] . . . excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10 (internal quotation and citations omitted).

Williams' medical claims require a showing that prison officials acted with deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). A prison official acts with deliberate indifference if he knows that an inmate faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Prison "requirements which compel inmates to perform physical labor which is beyond their strength, endangers their lives, or causes undue pain constitutes cruel and unusual punishment." *Howard v. King*, 707 F.2d 215, 219 (5th Cir. 1983). "Under certain circumstances,

4

allegations of deliberate indifference may be shown when prison officials deny an inmate recommended treatment by medical professionals." *Payne v. Lynaugh*, 843 F.2d 177, 178 (5th Cir. 1988).

In dismissing Williams' allegations of excessive force in conjunction with the chemical spraying, deliberate indifference to his medical restrictions, and denial of approved knee surgery, the district court did not confine its inquiry to whether the facts pleaded by Williams, when accepted as true and viewed in the light most favorable to Williams, stated a claim upon which relief may be granted. *See Shipp*, 199 F.3d at 260 (dismissal for failure to state a claim is improper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). Accordingly, the district court's decision on these claims is VACATED and the case is REMANDED for further consideration of these issues.

Williams' allegations that the defendants conspired to have his medical restrictions removed and retaliated against him with disciplinary infractions for refusing to comply with directives that contravened his medical restrictions are not sufficient to state a constitutional violation. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (inmate must either produce direct evidence of retaliatory motive or allege a chronology of events from which retaliation might plausibly be inferred); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992) (conclusional allegations are not sufficient to establish a conspiracy).

Williams' claims of a denial of due process in conjunction with disciplinary proceedings do not state a claim for relief. Williams has not shown that the results of the disciplinary proceedings have been expunged or called into question. *See Sandin v. Conner*, 515 U.S. 472, 475, 486 (1995); *Edwards v. Balisok*, 520 U.S. 641, 648-49 (1997). Williams' claims regarding classification hearings and the denial of parole afford him no grounds for relief. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (Texas law does not create liberty interest in parole; Texas prisoners have no constitutional expectancy of release on parole); *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988) (inmates have no protectible property or liberty interest in custody classification). The district court's decision regarding Williams' claims of conspiracy, retaliation, and due process are AFFIRMED.

Accordingly, the decision of the district court is AFFIRMED in part and VACATED and the case REMANDED in part to the district court for further proceedings. All outstanding motions are DENIED. AFFIRM IN PART; VACATE AND REMAND IN PART; ALL MOTIONS DENIED.