IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41108
Summary Calendar

_____

EDWIN EARL KIMBRELL,

                                        Plaintiff-Appellant,


          v.

WAYNE SCOTT, Executive Director, Texas Department
of Criminal Justice; GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL
DIVISION; LANNETTE LINTHICUM, Medical Director;
ROBERT R. TREON, Warden; JAMES L. JONES, Major;
UNIDENTIFIED UNIDENTIFIED, State Classification Committee
Member; UNIDENTIFIED UNIDENTIFIED, Classification
Committee Member; UNIDENTIFIED UNIDENTIFIED, Classification
Committee Member; GUILLERMO PORRAS, Medical Director;
LOREN L. BREWER, Health Service Manager; UNIDENTIFIED
UNIDENTIFIED, Medical Aide; UNIDENTIFIED UNIDENTIFIED,
Medical Aide; UNIDENTIFIED UNIDENTIFIED, Medical Aide;
UNIDENTIFIED UNIDENTIFIED, Medical Aide; UNIDENTIFIED
UNIDENTIFIED, Medical Aide; UNIDENTIFIED UNIDENTIFIED,
Medical Aide; RONALD L. KELLY, Food Service Manager;
SONIA D. ROCKER, Food Service Manager,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:99-CV-267
--------------------
March 6, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

---

   [*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

Edwin Earl Kimbrell (Kimbrell), Texas prisoner #429359, appeals the district court's dismissal of his civil rights action for failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). We address only those claims raised before this court and the district court, namely that Kimbrell's placement in administrative segregation put his health at risk and that defendants acted with deliberate indifference to his "serious medical needs." See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993) and Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999), cert. denied, 528 U.S. 1138 (2000).

We review a dismissal under § 1997e(a) *de novo*. Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999). The record indicates that Kimbrell did not administratively exhaust his claim that administrative segregation is a risk to his health. Even if this claim were exhausted, it fails to raise a constitutional issue. His claim that prison regulations forbid placing prisoners with serious medical needs in administrative segregation does not give rise to a constitutional claim under 42 U.S.C. § 1983. See Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986). Moreover, unsuccessful medical treatment, acts of negligence, neglect, or medical malpractice, or a prisoner's disagreement with prison officials regarding medical treatment are insufficient to establish an unconstitutional denial of medical care. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). His placement in administrative segregation does not constitute a violation of a constitutionally cognizable liberty interest. See

<u>Luken v. Scott</u>, 71 F.3d 192, 193 (5th Cir. 1995). Whether this claim was administratively exhausted is irrelevant to this civil rights suit because the claim cannot succeed even if exhausted. The district court's dismissal of this claim is therefore AFFIRMED.

The only remaining claim presented to this court is that defendants were deliberately indifferent to Kimbrell's "serious medical needs." We liberally construe "serious medical needs" to include Kimbrell's claims that he was refused his prescribed medication and that defendants Ronald Kelly and Sonia Rocker denied him his prescribed diet. These claims were exhausted, and they do raise a constitutional question under 42 U.S.C. § 1983. See <u>Payne v. Lynaugh</u>, 843 F.2d 177, 178 (5th Cir. 1988). Accordingly, the dismissal of these claims is REVERSED, and they are REMANDED to the district court for further proceedings. We express no view on how these claims should be decided.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.