# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 12, 2007

Charles R. Fulbruge III
Clerk

No. 06-30744
Summary Calendar

ROY A VANDERHOFF

Plaintiff-Appellant

v.

RANDY PRENTICE, Medical Director of Avoyelles Correctional
Center; ALFONSO PACHECO, Individually and In His Official
Capacity as a Medical Doctor at Avoyelles Correctional Center

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:05-CV-309

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Proceeding through counsel, Roy Vanderhoff, a former inmate at the Avoyelles

Correctional Center (ACC), filed a 42 U.S.C. § 1983 complaint against Randy Prentice, the

medical director of the ACC, and Dr. Pacheco, a medical doctor at the ACC, alleging

deliberate indifference to a serious medical condition.[1]  The district court dismissed the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Prentice was never served and did not make an appearance in the district court.  He thus was not a party to the suit.  *See Nagle v. Lee*, 807 F.2d 435, 438 (5th Cir. 1987); *United States v.*

complaint for failure to state a claim under FED. R. CIV. P. 12(b)(6). Vanderhoff timely appealed.

This court reviews a district court's dismissal for failure to state a claim pursuant to Rule 12(b)(6) de novo. *Abraham v. Singh,* 480 F.3d 351, 354 (5th Cir. 2007). The plaintiff's allegations are accepted as true and the dismissal will be upheld "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Id.*

To prove an Eighth Amendment claim, a plaintiff must set forth facts showing deliberate indifference to a serious medical need. *See Lawson* v. *Dallas County*, 286 F.3d 257, 262 (5th Cir. 2002). Deliberate indifference requires actual knowledge and conscious disregard of the risk of harm to the plaintiff. *Id.* It cannot be inferred from a prison official's mere failure to act reasonably. *Id.* at 262-63. In *Lawson*, *id.* at 263, a finding of deliberate indifference was made where the defendants had "actual knowledge" that a paraplegic inmate had decubitus ulcers yet failed to follow the instructions of hospital doctors regarding treatment of the condition.

Vanderhoff alleged that Pacheco was made aware of his back condition when he inquired about a scheduled appointment with the orthopedic specialist. Vanderhoff also alleged that Pacheco told him that surgery "costs too much." "Under certain circumstances, allegations of deliberate indifference may be shown when prison officials deny an inmate recommended treatment by medical professionals." *Payne v. Lynaugh*, 843 F.2d 177, 178 (5th Cir. 1988). It is not yet apparent beyond doubt that Vanderhoff could prove no set of facts consistent with his complaint that would allow him relief. Accordingly, the judgment is VACATED and the case is REMANDED to the district court for further proceedings.

---

*Texas Educ. Agency*, 679 F.2d 1104, 1105 n.1 (5th Cir. 1982).