# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 25, 2012

No. 11-30471

Lyle W. Cayce
Clerk

ATCHAFALAYA BASINKEEPER; LOUISIANA ENVIRONMENTAL
ACTION NETWORK,

Plaintiffs - Appellants,

v.

STEPHEN CHUSTZ, in his official capacity as Acting Director of the
Atchafalaya Basin Program,

Defendant - Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:08-CV-1155

Before DeMOSS, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

The Atchafalaya Basinkeeper and the Louisiana Environmental Action
Network (collectively "Appellants") are private entities with an interest in
protecting Bayou Postillion in Iberia Parish, Louisiana. They sued the
Atchafalaya Basin Program ("Program"), alleging that the Program violated the
conditions of a permit issued to it by the Army Corps of Engineers ("Corps")

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

under the Clean Water Act ("Act"), 33 U.S.C. § 1344. The district court dismissed Appellants' case after determining that the Act does not allow citizen suits to enforce the conditions of a § 1344 permit. We AFFIRM.

## I.

The Corps issued the Program a permit under § 1344 of the Act, allowing it to dredge Bayou Postillion in Iberia Parish, Louisiana. Dredging activities such as those allowed under the Program's permit result in "spoil banks," which are large piles of dredged material that must be deposited along the sides of the Bayou. According to the complaint, the Program violated the conditions of its permit by failing to maintain appropriate gaps in its spoil banks to allow the natural water flow and flooding necessary to sustain certain wetland plant life.

Appellants sued the Program and its Acting Director under the Act's citizen suit provision, § 1365, to enforce the conditions of the Program's § 1344 permit. The district court concluded that § 1365 does not allow such a citizen suit. This appeal followed.

## II.

We review a district court's grant of a Rule 12(b)6) motion to dismiss *de novo*. *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012) (citing *Wampler v. Sw. Bell Tel. Co.*, 597 F.3d 741, 744 (5th Cir. 2010)). We accept as true the facts pleaded in the complaint. *Id.* (citing *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 312, 318 (5th Cir. 2009)). For a complaint to state a claim, the non-moving party must plead enough facts to state a claim to relief that is plausible on its face. *Id.* (citing *Wampler*, 597 F.3d at 744).

The Clean Water Act is a comprehensive statutory regime designed "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). To that end, it prohibits "the discharge of any pollutant," including dredged spoil, unless in compliance with certain enumerated exceptions. §§ 1311(a), 1362(6). Two of those exceptions, § 1342 and § 1344(a), create permitting schemes through which the discharge of

pollutants may be authorized. Section 1344 grants the Corps the authority to issue permits "for the discharge of dredged or fill material," and § 1342 authorizes the Environmental Protection Agency to issue a permit for the discharge of all other pollutants.

The Corps has played an important role in the management of the navigable waters of the United States for over 100 years. Long before the Clean Water Act, the Rivers and Harbors Act of 1899 prohibited construction in navigable waters without permission from the Corps. 33 U.S.C § 401. The § 1344 permit framework largely preserves the Corps' historical responsibilities for the navigable waters of the United States. Accordingly, the Corps can enforce § 1344 itself as well as the conditions of the permits it issues under § 1344(s).

The Act also allows citizen enforcement of certain specific and limited types of violations. Section 1365(a)(1), the Act's citizen-suit provision, provides, in relevant part, that "any citizen may commence a civil action on his own behalf . . . (1) against any person . . . who is alleged to be in violation of . . . an effluent standard or limitation under this chapter." Section 1365(f), in turn, provides a seven-part definition of "effluent standard or limitation under this chapter." Two of § 1365(f)'s grounds for citizen suit are relevant here. First, § 1365(f)(1) allows citizen suits for "an unlawful act under subsection (a) of section 1311 of this title." Section 1311(a), titled "[i]llegality of pollutant discharges except in compliance with law," provides that "[e]xcept as in compliance with this section and sections 1312, 1316, 1317, 1328, 1342, and 1344 of this title, the discharge of any pollutant by any person shall be unlawful." Second, § 1365(f)(6) allows citizen suits for violations of "a permit or condition thereof issued under section 1342 of this title."

## III.

Appellants claim a private right to sue the Program for violating a condition of a permit issued and administered by the Corps. The district court

rejected Appellants' argument for two reasons.  First, it explained that Appellants' interpretation of one subsection of the Act renders another subsection of the Act redundant.  Second, the district court explained that the subsection of the Act under which Appellants claim a private right of action does not actually address § 1344 permit condition violations.  We need not reach the district court's second reason because we agree that Appellants' interpretation of the Act renders one of its subsections redundant.

It is an established rule of statutory interpretation that no provision should be construed to be entirely redundant.  *See Kungys v. United States*, 485 U.S. 759, 778 (1988) (invoking the "cardinal rule of statutory interpretation that no provision should be construed to be entirely redundant").  Appellants claim a right to sue under § 1365(f)(1), arguing that violations of § 1342 and § 1344 permit conditions are "unlawful acts" under § 1311(a).  As the district court explained, however, if § 1365(f)(1) provided citizen suits for § 1342 permit condition violations, then § 1365(f)(6), which provides citizen suits in the case of a violation of "a permit or condition thereof issued under section 1342 of this title," would have been unnecessary.

Appellants attempt to explain away this redundancy objection, but the interpretation they must support to avoid it simply cannot be called a plain reading of the Act.  They point out that § 1311(a) renders only "discharges" in violation of § 1342 and § 1344 unlawful acts and, therefore, proper grounds for citizen suit.  Noting that § 1365(f)(6) never mentions "discharges," Appellants insist that Congress's one-word omission indicates its intent to limit § 1365(f)(6) to non-discharge related § 1342 permit condition violations.  According to Appellants, § 1365(f)(6) thus covers something § 1365(f)(1) does not, and reading § 1365(f)(1) to provide citizen suits for permit condition violations would not render § 1365(f)(6) redundant.

We reject that interpretation.  Only someone who consulted § 1311(a) could notice the absence of the word "discharge" in § 1365(f)(6).  But it is unclear

why anyone interpreting § 1365(f)(6) would ever look to § 1311(a) in the first place. After all, § 1311(a) is not part of the Act's citizen suit provision, and § 1365(f)(6) does not reference it. Yet Appellants contend that the presence of the word "discharge" in § 1311(a) is evidence of a drastic limitation on the scope of § 1365(f)(6), which omits the term and is otherwise unrelated. It is highly unlikely that Congress would so obliquely signal an extreme departure from § 1365(f)(6)'s plain language.

That conclusion is strongly reinforced by Congress's provision of citizen suits for § 1342 permit condition violations in the unmistakably clear language of § 1365(f)(6). It would be especially odd for Congress to provide citizen suits for § 1342 permit condition violations so plainly in the text of § 1365(f)(6) and simultaneously to bury the right to sue for § 1344 permit condition violations within a tri-level maze of statutory cross-references. If Congress had intended to allow citizen suits for § 1344 permit condition violations, it did not need to resort to the complicated method Appellants urge. Instead, it could have simply added another subsection to § 1365(f), providing the same right to sue for § 1344 permit condition violations that it provided for § 1342 permit condition violations in § 1365(f)(6). *See Khalid v. Holder*, 655 F.3d 363, 374 (5th Cir. 2011) ("In sum, the better view [of the statute] is the simpler one.").

This reasoning is also consistent with the Supreme Court's warning to lower courts not to infer private rights of action from such oblique statutory interpretations. Where a statute has "elaborate enforcement provisions," as does the Act at issue here, the Supreme Court has warned that:

> [I]t cannot be assumed that Congress intended to authorize by implication additional judicial remedies for private citizens. . . . [I]t is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it. In the absence of strong indicia of a contrary congressional intent, we are compelled to conclude that Congress provided precisely the remedies it considered appropriate.

*Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 14-15 (1981) (internal quotation marks and citations omitted).  Congress has relied on the Corps to enforce the permits it issues for more than 100 years, and there are no strong indicia of congressional intent to provide citizen suits for § 1344 permit condition violations.  *Cf. Louisiana Envtl. Action Network v. City of Baton Rouge*, No. 11-30549, 2012 WL 1301164, at *2 (5th Cir. Apr. 17, 2012) ("[T]he citizens' role in enforcing the Act is 'interstitial' and should not be 'intrusive.'") (citing *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 61 (1987)).

## IV.

For these reasons, we hold that the Act does not provide citizens the right to sue to enforce the conditions of § 1344 permits.  AFFIRMED.