# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 4, 2012

No. 11-20703
Summary Calendar

Lyle W. Cayce
Clerk

JESSE CASTILLA, JR.,

Plaintiff - Appellant,

v.

M.D. ERNESTINE JULY; R. DALECKI

Defendants - Appellants.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-2592

Before HIGGINBOTHAM, GARZA, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jessie Castilla, Jr., Texas prisoner # 1309710, appeals from the dismissal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) of his in forma pauperis, 42 U.S.C. § 1983 complaint. He alleges that the district court erred by dismissing his claims that the defendants violated his Eighth Amendment rights after he underwent two eye surgeries at the University of Texas Medical Branch (UTMB) in Galveston by (a) failing to ensure that he received all medications prescribed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20703

by the UTMB specialist, (b) failing to ensure that he was provided transportation to attend his follow-up appointment with the UTMB specialist, (c) compelling him to work in a textile factory when they knew that the environmental conditions would significantly aggravate his eye, and (d) delaying his receipt of follow-up care at UTMB for over a year. He contends that these combined actions resulted in his development of an eye infection, which, in turn, necessitated a third surgery and ultimately caused irreparable damage to his eye.

"A complaint is frivolous if it lacks an arguable basis in law or fact." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (internal quotation marks). This court reviews a dismissal of a complaint as frivolous for an abuse of discretion. *Id.*

Mere disagreement with medical treatment does not state a valid Eighth Amendment claim. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). A "prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain." *Easter v. Powell*, 467 F.3d 259, 463 (5th Cir. 2006) (internal quotation marks omitted). A claim of deliberate indifference requires a showing that the defendant was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" and that the defendant drew the inference. *Id.* If the substantial risk of harm was obvious, then a defendant's knowledge of that risk may be inferred. *Id.*

Our precedent demonstrates that Castilla's allegations may not warrant dismissal at this stage of the proceedings. For example, in *Easter*, we affirmed the district court's denial of qualified immunity to a defendant in a case in which the plaintiff alleged that the defendant did not, in a timely manner, follow a prescribed course of treatment calling for the administration of medication. 467

F.3d at 463.  We also reversed the grant of summary judgment on a prisoner's claim that prison officials had evinced deliberate indifference by returning him to work in conditions that aggravated his medical condition.  *Jackson v. Cain*, 864 F.2d 1235, 1246-47 (5th Cir. 1989).  Further, in *Payne v. Lynaugh*, we vacated the dismissal of a prisoner's suit alleging that prison employees violated the Eighth Amendment by refusing to provide him with medical equipment despite that such equipment was recommended by treating physicians. 843 F.2d 177, 178-79 (5th Cir. 1988).  Accordingly, we cannot say that Castilla's claims lack an arguable basis in fact or law, and we must conclude that the district court abused its discretion by dismissing his complaint as frivolous.  *Berry*, 192 F.3d at 507.

Castilla has not shown error by the district court concerning his claim of amendment of the complaint prior to dismissal.  He did  not move to amend, and he does not indicate how an amendment would have altered his claims.

The judgment of the district court is VACATED and the case is REMANDED for further proceedings consistent with this opinion.  Castilla's motions for appointment of counsel and an "independent expert" are DENIED without prejudice to their consideration by the district court on remand.