# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 19, 2013

No. 12-30784
Summary Calendar

Lyle W. Cayce
Clerk

TROY DAVIS,

Plaintiff - Appellant

v.

JONATHAN A. ROUNDTREE; KENNETH NORRIS; UNKNOWN COLLINS, Doctor,

Defendants - Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:12-CV-41

Before JONES, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis*, Troy Davis, Louisiana inmate #356886, appeals the district court's granting defendants' Federal Rule of Civil Procedure 12(b)(6) motion to dismiss his action pursuant to 42 U.S.C. § 1983, based on its ruling Davis failed to state a claim upon which relief could be granted. Davis contends: the court erred by dismissing his claim without further factual development; and defendants acted with deliberate indifference

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to his serious medical needs, in violation of the Eighth Amendment, and caused resulting physical injury. (Davis also presents ADA-based claims that were not presented in district court. "It is a bedrock principle of appellate review that claims raised for the first time on appeal will not be considered." *Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Ctrs., Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000).)

A Rule 12(b)(6) motion's being granted is reviewed *de novo*. *E.g.*, *Atchafalaya Basinkeeper v. Chustz*, 682 F.3d 356, 357 (5th Cir. 2012). "[D]istrict courts should not dismiss *pro se* complaints pursuant to Rule 12(b)(6) without first providing the plaintiff an opportunity to amend, unless it is obvious from the record that the plaintiff has pled his best case". *Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011). An error in failing to afford a prisoner the opportunity to amend his complaint "may be ameliorated . . . if the plaintiff has alleged his best case, or if the dismissal was without prejudice". *Bazrowx v. Scott*, 136 F.3d 1054 (5th Cir. 1998) (citation omitted). The district court did not specify whether the dismissal was with, or without, prejudice; we therefore presume that the claim was dismissed with prejudice. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 n.8 (5th Cir. 1993) ("it is well established that a dismissal is presumed to be with prejudice unless the order explicitly states otherwise").

When a district court dismisses a *pro se* complaint with prejudice and without opportunity to amend, our court considers whether the plaintiff's "allegations, if developed by a questionnaire or in a *Spears* dialog, might have presented a nonfrivolous . . . claim". *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994). If, "[w]ith further factual development and specificity these allegations may pass . . . muster", we will remand for the plaintiff to have "an opportunity . . . to offer a more detailed set of factual claims". *Id.* at 10. A review of Davis' complaint shows he should be permitted to develop the factual and legal bases for his claims.

"Inadequate medical care by a prison doctor can result in a constitutional violation for purposes of a § 1983 claim when that conduct amounts to deliberate indifference to the prisoner's serious medical needs, constituting the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999) (internal alterations and citations omitted). Additionally, "[a] prison inmate can demonstrate an Eighth Amendment violation by showing that a prison official refused to treat him, ignored his complaints . . . or engaged in any similar conduct". *Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006) (internal quotation marks and citations omitted).

In his complaint and objections to the magistrate judge's report and recommendation, Davis asserts Drs. Roundtree and Collins each recommended surgery on both ears; however, according to Davis, both doctors ignored his repeated requests for the recommended surgery. Davis further alleges this inaction resulted in seven ear infections, hearing loss, spells of dizziness, and loss of balance, which prevent him from walking. Davis also contends the doctors denied a necessary medical-duty status. The alleged physical symptoms would "constitute more than a *de minimis* physical injury". *See Brown v. Lippard*, 472 F.3d 384, 386 (5th Cir. 2006) (suggesting hand, knee, and shoulder pain would exceed a *de minimis* threshold). To the extent the district court based its dismissal on Davis' failure to allege a physical injury, the district court erred.

"Under certain circumstances, allegations of deliberate indifference may be shown when prison officials deny an inmate recommended treatment by medical professionals." *Payne v. Lynaugh*, 843 F.2d 177, 178 (5th Cir. 1988). Insofar as Davis contends Assistant Warden Norris exhibited deliberate indifference to his serious medical needs by denying him recommended treatment, these allegations likewise raise a plausible deliberate-indifference claim. *See, e.g.*, *id.* at 178-79.

Liberally construed, Davis' allegations, concerning ear infections, hearing loss, and denial of surgery and duty status accommodations, do not raise "fantastic or delusional scenarios" or an "indisputably meritless" legal theory. *See Eason,* 14 F.3d at 9 n.5. Rather, they arguably raise a viable claim of deliberate indifference to his serious medical needs. *See, e.g., id.* at 9; *Easter*, 467 F.3d at 463. Because Davis was not afforded an opportunity to amend his complaint or participate in a *Spears* hearing, the district court erred by dismissing Davis' claim with prejudice for failure to state a claim upon which relief may be granted.

The judgment granting defendants' motion to dismiss is VACATED, and this action REMANDED for further proceedings consistent with this opinion. We express no view on the ultimate disposition of Davis' claims.