# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2013

No. 12-30907
Summary Calendar

Lyle W. Cayce
Clerk

RANDY MCDONALD,

Plaintiff-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY; STATE FIRE
MARSHALL, Inspect Angola; JAMES M. LEBLANC,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:09-CV-850

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Randy McDonald, Louisiana prisoner # 452858, proceeding pro se and in
forma pauperis, appeals the dismissal of his 42 U.S.C. § 1983 complaint. After
determining that the complaint failed to state a claim upon which relief could be
granted, the district court dismissed the complaint pursuant to Rule 12(b)(6) of
the Federal Rules of Civil Procedure.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

This court conducts de novo review of the grant of a Rule 12(b)(6) motion. *Atchafalaya Basinkeeper v. Chustz*, 682 F.3d 356, 357 (5th Cir. 2012). When reviewing a dismissal for failure to state a claim, all well-pleaded facts are accepted as true and are viewed in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

McDonald has abandoned by failing to address any challenge to the district court's determination that he failed to exhaust administrative remedies. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995)*; Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9)(A). Although McDonald takes issue with the district court's determination regarding the lack of proper service on the fire marshal, he fails to address the alternative determination that his complaint failed to state a claim for relief against the fire marshal. Accordingly, McDonald has failed to establish that the district court erred by dismissing his claims against the fire marshal. *See Iqbal*, 556 U.S. at 678; *Grant,* 59 F.3d at 524; *Yohey*, 985 F.2d at 224-25. McDonald's argument regarding supplemental jurisdiction lacks merit, as a district court is authorized to decline supplemental jurisdiction over state law claims if the district court has dismissed all claims over which it had original jurisdiction. *See* 28 U.S.C. § 1367(c)(3). Finally, McDonald asserts that the district court erred by failing to enter a default judgment, and he requests that this court sanction the defendants, but he fails to provide a coherent explanation regarding why either remedy would be appropriate in light of the proceedings in the instant case and his failure to demonstrate error in the Rule 12(b)(6) dismissal.

AFFIRMED.