# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40468
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 9, 2017

Lyle W. Cayce
Clerk

JASON HENDRIX,

Plaintiff-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; CAPTAIN TIARRA; LIEUTENANT ALSOBROOK; OFFICER HARRIS; UNKNOWN PARTY, J-Wing Officer; UNKNOWN PARTY, J-Wing Control Pickett Officer; UNKNOWN PARTY, J-Wing Hallway Officer,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:15-CV-1015

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jason Hendrix, Texas prisoner # 1838519, filed a 42 U.S.C. § 1983 complaint against various prison officials and officers. The district court granted a motion for partial dismissal of the claims against the defendants in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40468

their official capacities and the claims against the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-ID). Hendrix filed a notice of appeal. Several months later, the district court granted a motion for summary judgment filed by the remaining defendants, which argued that Hendrix had filed his complaint before exhausting his administrative remedies. Hendrix did not file a new notice of appeal.

We must examine the basis of our jurisdiction, sua sponte, if necessary. *Mosley v. Cozby,* 813 F.2d 659, 660 (5th Cir. 1987). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell,* 551 U.S. 205, 214 (2007). Hendrix's notice of appeal from the order of partial dismissal was premature. *See* FED. R. CIV. P. 54(b). However, because the district court could have certified that the order of dismissal was appealable and it subsequently entered a final judgment, this notice of appeal confers appellate jurisdiction over the partial dismissal. *See, e.g., Boudreaux v. Swift Transp. Co., Inc.,* 402 F.3d 536, 539 n.1 (5th Cir. 2005).

The district court's partial dismissal order, which was based on Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), is reviewed de novo. *See Raj v. Louisiana State Univ.,* 714 F.3d 322, 327 (5th Cir. 2013); *Atchafalaya Basinkeeper v. Chustz,* 682 F.3d 356, 357 (5th Cir. 2012). We conclude that the district court did not err. Because the defendants are all employees of TDCJ-ID, their official acts fall within the scope and immunity of the Eleventh Amendment. *See Mayfield v. Texas Dep't of Criminal Justice,* 529 F.3d 599, 604 (5th Cir. 2008). The district court also did not err by dismissing Hendrix's claims against the TDCJ-ID director. *See Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987); *Spiller v. City of Texas City, Police Dept.,* 130 F.3d 162, 167 (5th Cir. 1997).

No. 16-40468

Hendrix did not file a notice of appeal from the subsequent grant of summary judgment, which dismissed his remaining individual capacity claims, or the entry of final judgment. His prior notice of appeal specified that it was appealing from the district court's partial dismissal. *See* FED. R. APP. P. 3(c)(1). Because a timely and valid notice of appeal is a jurisdictional requirement in a civil case, *see Bowles,* 551 U.S. at 214, we do not have jurisdiction to consider the dismissal of these claims.

Finally, Hendrix also has moved for the appointment of counsel and the appointment of an investigator. A court is not required to appoint counsel for an indigent plaintiff in a civil suit unless there exist exceptional circumstances warranting such an appointment. *Ulmer v. Chancellor,* 691 F.2d 209, 212-13 (5th Cir. 1982). For the reasons discussed above, we conclude that such exceptional circumstances do not exist in this case.

MOTIONS DENIED; AFFIRMED IN PART; DISMISSED IN PART.